**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RODNEY GREENE, | : | Civil No. 11-4752 (RMB) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| J.T. SHARTLE, | : |  |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    RODNEY GREENE, #40074-066
    F.C.I. Fairton
    P.O. Box 420
    Fairton, NJ 08320
    Petitioner Pro Se

    PAUL A. BLAINE, ASSISTANT U.S. ATTORNEY
    PAUL J. FISHMAN, UNITED STATES ATTORNEY
    P.O. Box 2089
    Camden, NJ  08101

**BUMB, District Judge**

    Rodney Greene, an inmate currently confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a final decision of the Bureau of Prisons ("BOP") dated July 12, 2011.  (Dkt. 1 at 22.)  Petitioner contends that the BOP violated the terms of the sentence imposed on November 16, 2009, in United States v. Greene, Crim. No. 07-0120 (JS) (E.D. Pa. filed Mar. 8, 2007), by failing to run Petitioner's 99-month sentence retroactively concurrent to Petitioner's Pennsylvania sentence of 11.5 to 23 months imposed

on April 9, 2007.  See Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002); 18 U.S.C. § 3584; U.S.S.G. § 5G1.3.  In response to Petitioner's submissions and this Court's Order to answer, Respondents recalculated Petitioner's projected release date by reducing his 99-month sentence by 302 days served against the Pennsylvania sentence.  Greene filed a Reply in which he argues that, while the BOP properly credited him with 302 days, the BOP failed to credit him for an additional 19 days.  Because Respondents have given Petitioner the relief that he would have received if this Court had granted a writ of habeas corpus, i.e., recalculation of the sentence, this Court will dismiss the Petition as moot.

## I.  BACKGROUND

In the Petition, Green challenges the calculation dated July 12, 2011 (Dkt. 1 at 22), of his federal term of imprisonment by the BOP.  He contends that the BOP violated terms of the federal sentence imposed by Judge Sanchez by failing to give him credit for 322 days, which he served in the custody of Pennsylvania after his November 3, 2005, arrest.[1]  (Dkt. 1 at 21.)

In response to the Order to answer, the BOP filed a letter seeking dismissal of the Petition as moot, accompanied by the declaration of Kellen Jean Goulet, Correctional Programs

---

[1] The Petition does not specify the dates of incarceration by Pennsylvania.

Specialist for the BOP, and a Sentence Monitoring Computation Data sheet for Greene dated October 27, 2011.  Ms Goulet avers that, after reviewing the sentencing transcript,

> it was determined that the sentencing court's intent, consistent with § 5G1.3, was to adjust the total length of Petitioner's [99-month] sentence to take into account the time he served on the state offenses . . . .  Accordingly, Petitioner's sentence computation was adjusted to reflect a sentence length of 7 years, 5 months, and 4 days (from the originally imposed 8 years, 3 months).  This 302 day (approximately 10 month) adjustment was based on the periods of time the Petitioner was verified as being in state custody (and for which he did not [previously] get prior custody credit . . . ).  **Specifically, the adjustment was computed as follows; 11-03-2005 through 11-7/2005 (5 days); 1-24-2006 through 01-29-2006 (6 days); and 06-23-2006 through 04-09-2007 (291 days)** . . . .

(Dkt. 4-1 at 3) (emphasis added).

The Sentence Monitoring Computation Data sheet dated October 27, 2011, shows that the BOP reduced Greene's sentence from 99 months to 89 months, which represents a reduction of 302 days served against the Pennsylvania sentence.  Like the initial Sentence Monitoring Computation Data sheet dated November 22, 2010 (which lists the sentence imposed as 99 months) (Dkt. 1 at 19-20), the re-calculation continues to give Greene prior custody credit for the following dates:

    11/3/2005 through 11/7/2005        5 days
    1/24/2006 through 1/29/2006        6 days
    6/23/2006 through 4/9/2007         291 days

(Dkt. 1 at 20; Dkt. 4-1 at 17.)

In his Reply, Green maintains that the BOP's recalculated sentence still does not give him credit for 19 additional days he served in the custody of Pennsylvania.  (Dkt. 7.)  Specifically, he states:

> Petitioner urges a recalculation based upon his assumption that he was sure he was arrested on 11/3/2005 and released on bail on or about 11/11/2005 (9 days); re-arrested on 1/24/2006 and released on bail on or about 1/31/2006 (8 days); and re-committed 6/23/2006 to the day Petitioner was picked up by U.S. Marshals on 4/20/2007 (see Attachment 1) (and two other days in FBI custody at Attachment 2) . . .  Therefore, Petitioner urges 19 additional days be deducted from th amended Projected Release Date of 09/17/2013.

(Dkt. 7 at 1.)

Petitioner's Attachment 1 is an FBI document dated April 23, 2007, which shows that the U.S. Marshal picked him up for service of his federal sentence on April 20, 2007.  (Dkt. 7 at 3.) Petitioner's Attachment 2 is an FBI document dated May 11, 2006, which states that, as a condition of his bond, Greene appeared at the Philadelphia office of the FBI to provide handwriting exemplars on April 24, 2006, and May 8, 2006.  (Dkt. 7 at 6.) Accordingly, after the BOP's sentence recalculation,  Greene asserts that he is still entitled to receive credit for the following 19 days[2]:

---

[2] This Court notes:  (1) Greene wants credit for the two days he appeared at the FBI Office to give handwriting exemplars (4/24/2006 & 5/8/2006), but he is not entitled to these days because the Supreme Court held in  Reno v. Koray, 515 U.S. 50 (1995), that a federal prisoner is not "entitled to credit
(continued...)

```
11/8/2005 through 11/11/2005      4 days
1/30/2006 through 1/31/2006       2 days
4/24/2006                         1 day
5/8/2006                          1 day
4/10/2007 through 4/20/2007       11 days
```

(Dkt. 7.)

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v.

---

[2](...continued)
against his sentence under § 3585(b) for time when he was 'released' on bail," id. at 54 (1995), and (2) Greene wants credit for 4/10/2007 through 4/20/2007, but both the original sentence calculation and the recalculation give him prior custody credit for these 11 days.  See Dkt. 1 at 20 & Dkt. 4-1 at 17.  Thus, Greene's calculations differ from those of the BOP by six days (11/8/2005 through 11/11/2005, and 1/30/2006 through 1/31/2006), but Greene has provided nothing to substantiate his allegation that he was actually in custody during these six days.

Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence by the BOP on federal grounds, he was in custody in New Jersey at the time he filed the Petition, see Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005), and he filed his petition in the district of confinement and named the Warden as respondent, see Burkey at 145.  The question here is whether the BOP's recalculation of his sentence, which reduces the sentence by 302 days served against the Pennsylvania sentence, caused this Petition to become moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution.  See Spencer v. Kemna, 523 U.S. 1, 7  (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Burkey, supra.

B.  Mootness

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome'

6

of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, the Petition challenged Greene's projected release date on the ground that the BOP violated terms of the federal sentence imposed by Judge Sanchez by failing to give him credit for time he served in the custody of Pennsylvania after his November 3, 2005, arrest. (Dkt. 1 at 21.)  In response to this litigation, the BOP agreed with Petitioner that Judge Sanchez intended to deduct the time served against the Pennsylvania sentence from the 99-month federal sentence; after contacting Pennsylvania authorities, the BOP verified that Greene had served 302 days in Pennsylvania custody prior to his federal sentence, and the BOP recalculated the sentence by deducting this 302 days from the 99-month federal sentence.  Although Greene maintains that he served 321 days (rather than 302 days), this Court finds that, when the BOP recalculated Greene's release date by reducing his sentence pursuant to the intention of Judge Sanchez, the BOP gave Greene all the relief this Court could have

ordered if it had granted a Writ of Habeas Corpus.[3]  Thus, the BOP's recalculation of the sentence caused the Petition to become moot because Greene was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also Wilson v. Reilly, 163 Fed. App'x 122 (3d Cir. 2006) (When the Parole Board provided habeas petitioner with the relief sought in his § 2241 petition, this rendered his habeas claim moot).  This Court will therefore dismiss the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District Judge**

Dated: December 21, 2011

---

[3] Greene also complains for the first time in his second Reply (Dkt. 8) that the BOP's sentence recalculation reduced his potential good conduct time credit by 39 days.  Nothing in this Opinion prevents Greene from challenging the BOP's recalculation of his sentence through the BOP's Administrative Remedy Program.