**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
RODNEY GREENE,                     :    Civil No. 11-4752 (RMB)
                                   :
            Petitioner,            :
                                   :
       v.                          :    MEMORANDUM OPINION
                                   :
J.T. SHARTLE,                      :
                                   :
            Respondents.           :
_____:
```

**BUMB, District Judge**:

    1.  Petitioner, an inmate incarcerated at FCI Fairton, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a final decision of the Bureau of Prisons ("BOP") dated July 12, 2011.  Greene argued that the BOP violated the terms of the sentence imposed on November 16, 2009, in <u>United States v. Greene</u>, Crim. No. 07-0120 (JS) (E.D. Pa. filed Mar. 8, 2007), by failing to run Petitioner's 99-month federal sentence retroactively concurrent to Petitioner's Pennsylvania sentence of 11.5 to 23 months imposed on April 9, 2007.  See <u>Ruggiano v. Reish</u>, 307 F.3d 121 (3d Cir. 2002).  Specifically, he challenged the BOP's failure to deduct the 322-day period he served in the custody of Pennsylvania after his November 3, 2005, arrest from the time he had to serve in the custody of the BOP.  [Dkt. 1 at p. 21.]  Presently before this Court is Greene's motion to reconsider the Order dismissing his Petition as moot.

2.   In response to Green's Petition and this Court's Order to answer, BOP reviewed the sentencing transcript, concluding

> the sentencing court's intent, consistent with § 5G1.3, was to adjust the total length of Petitioner's sentence to take into account the time he served on the state offenses.
>
> Accordingly, Petitioner's sentence computation was adjusted to reflect a sentence length of 7 years, 5 months, and 4 days (from the originally imposed 8 years, 3 months).  This 302 day (approximately 10 month) adjustment was based on the periods of time the Petitioner was verified as being in state custody (and for which he did not get prior custody credit [of 961 days already given by the BOP] . . . .  After adjusting the sentence length and computing the prior custody time [of 961 days] and projected good conduct time, the Petitioner's new projected release date is currently September 17, 2013.

[Dkt. 4-1 at 3] (paragraph numbers omitted).

3.   Greene filed two Replies arguing that the BOP had improperly failed to credit him for an additional 19 days he served in the custody of Pennsylvania, <u>i.e.</u>, November 8, 2005, through November 11, 2005, January 30, 2006, through January 31, 2006, April 24, 2006, May 8, 2006, and April 10, 2007, through April 20, 2007.  (Dkt. 7.)

4.   On December 21, 2011, this Court dismissed the Petition as moot, even though Greene maintained that he served 321 days, rather than 302 days, in the custody of Pennsylvania.  This Court ruled that, when the BOP recalculated Greene's release date to be September 17, 2013, the BOP gave him all the relief this Court

2

could have ordered if it had granted a Writ.  This Court noted in a footnote that, in his second Reply [Dkt. 8], for the first time Greene complained that the BOP had improperly reduced his potential good conduct time by 39 days; this Court stated that nothing in Opinion prevented Greene from filing a new administrative remedy challenging the new projected release date of September 17, 2013.

    5.  Greene then filed a motion for reconsideration of the Order dismissing his Petition.  He argues that "the BOP recalculation of 302 days credit being deducted from Petitioner's initial incorrect Projected Release Date of June 07, 2014 would not arrive at September 17, 2013 as the BOP insists.  It would arrive at August 09, 2013."  (Dkt. 11 at 1.)

    6.  On January 4, 2012, the BOP filed a letter opposing the motion for reconsideration.

    7.  This Court will grant Greene's motion for reconsideration and review the BOP's calculation of Greene's new projected release date of September 17, 2013.

    8.  Greene is correct that the subtraction of 302 days from his initial projected release date of June 7, 2014, would result in a new projected release date of August 9, 2013.  However, Greene's calculation of his new projected release date fails to consider that by reducing the actual time Greene will serve in the BOP's custody by 302 days, 18 U.S.C. § 3624(b) required the

3

BOP to reduce by 39 days the maximum projected good conduct time Green could earn through good behavior.

9. Section 3624(b)(1) provides: "[A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."  18 U.S.C. § 3624(b)(1).

10. In <u>Barber v. Thomas</u>, 130 S.Ct. 2499 (2010), the Supreme Court held that the BOP's method of calculating good conduct time credit based on the length of time that the prisoner actually serves in the custody of the BOP, rather than upon the length of the term of imprisonment that the sentencing judge imposed, was lawful.  "[T]he BOP's interpretation [of § 3624(b)] provides a prisoner entitled to a maximum annual credit with 54 days of good time credit for each full year of imprisonment that he serves and a proportionally adjusted amount of credit for any additional time served that is less than a full year. And, as § 3624(b) directs, the BOP awards the credit *at the end of* each year of imprisonment (except, of course for [the final year], which is subject to the statute's special instruction requiring proration

4

and crediting during the last six weeks of the sentence)." <u>Id.</u> at 2504 (emphasis in original).

    11. In the appendix of <u>Barber</u>, the Supreme Court provided

> the mathematical formula . . . to calculate the amount of maximum available [good conduct] credit for an entire sentence . . . . [I]f we divide the total number of days in a sentence by 1.148, we get the minimum number of days that a defendant must serve in that sentence. If we then subtract the number of days served from the total number of days in the sentence, we arrive at the maximum number of good time credit days the prisoner can earn.

<u>Barber</u>, 130 S.Ct. at 2511.

    12. This Court will now use the above mathematical formula to compute the original calculation of Greene's good conduct time, as well as the re-calculation of his good conduct time resulting from the reduction of the time Greene must serve in the BOP's custody by 302 days.

    13. Originally, the BOP calculated the release date by taking the sentence of 99 months or 3,011 days, subtracting 961 days of prior custody credit, to arrive at 2,050 days to be served. Using the mathematical formula set forth above results in the calculation: 2050 days divided by 1.148 equals 1786 days; subtracting 1786 days from the original 2050 days results in total projected good conduct time of 264 days.

    14. When the BOP recalculated Green's sentence, the BOP took the sentence of 99 months or 3,011 days, subtracted 961 days

5

of prior custody credit, and then also subtracted 302 days served in the custody of Pennsylvania, to arrive at 1,748 days remaining to be served.  Dividing 1,748 days by 1.148 equals 1523 days, and subtracting 1523 days from 1748 days results in 225 days of projected good conduct time.

15.  Thus, reducing the time Greene served in the BOP's custody by 302 days resulted in a reduction of his maximum projected good conduct time from 264 days to 225 days, which is a 39-day difference.

16.  When one adds this 39 days (good conduct time not earned on 302 days) to the date of August 9, 2013, which date Greene calculated as his new projected release date in his motion for reconsideration, the result is a new projected release date of September 17, 2013, which is the new projected release date calculated by the BOP.

17.  After reconsideration, this Court again finds that Greene's § 2241 Petition became moot when the BOP recalculated his projected release date as September 17, 2013.  After reconsideration, this Court will again dismiss the Petition as moot.  This Court will enter an appropriate Order.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: January 31, 2012

6